# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE WAYNE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-297-SLP |
| ) | |
| CARRIE BRIDGES, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, Petitioner, appearing pro se, challenges his state court conviction in Case No. CF-2019-146, District Court of Pottawatomie County, State of Oklahoma. Before the Court is the Report and Recommendation of United States Magistrate Judge Amanda Maxfield Green entered May 16, 2024 [Doc. No. 6] (R.&R.). Judge Green recommends dismissing the Petition on screening under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, finding the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and (C).

Petitioner has filed an objection to the R.&R. *See* Petitioner's Obj. [Doc. No. 7]. The Court, therefore, must make a de novo determination of the portions of the R.&R. to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

On de novo review, the Court concurs with the analysis set forth in the R.&R.  As the Magistrate Judge found, Petitioner's claims are untimely under the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(d)(1).  Pursuant to § 2244(d)(1)(A), Petitioner's conviction became final on July 19, 2021 and the limitations period expired one year later on July 20, 2022.  R.&R., at 4-5.  The instant Petition, filed March 25, 2024, is untimely.

Moreover, the *McGirt* decision[1] did not recognize a new constitutional right.  Accordingly, Petitioner cannot rely on § 2244(d)(1)(C) as the triggering date for the statute of limitations.  *See* R.&R. at 5-6 (citing *Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023)).

Petitioner does not object to these findings.  Instead, Petitioner argues the State of Oklahoma lacked jurisdiction over his crime and, therefore, his conviction could not become final for purposes of applying AEDPA's statute of limitations.  But the Magistrate Judge addressed and rejected this claim.  *See* R.&R. at 6-7.  The Court agrees with the Magistrate Judge's findings.[2]

Upon de novo review, and having considered the issues raised in Petitioner's

---

[1] *McGirt v. Oklahoma*, 591 U.S. 894 (2020).

[2] In support of his objection on jurisdictional grounds, Petitioner cites *Hooper v. City of Tulsa*, 71 F.4th 1270 (10th Cir. 2023).  But *Hooper* is not a habeas action and did not address the timeliness of such an action under the AEDPA.  Moreover, the Tenth Circuit has rejected any exception to AEDPA's statute of limitations bar based on a jurisdictional challenge.  *See Pacheco*, 62 F.4th at 1242-1246; *see also Davis v. Bridges*, No. 22-6107, 2024 WL 140026 at *9-10 (10th Cir. Jan. 12, 2024); *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602 at *2 (10th Cir. July 12, 2022).

Objection, the Court fully concurs with the analysis of the Magistrate Judge.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITH PREJUDICE as untimely. A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination. The Court therefore denies a COA.

---

[3] In his Objection, Petitioner makes cursory reference to a "writ of prohibition." *See* Obj. at 5. But his Petition and the arguments raised in the Objection are clearly based on relief sought pursuant to 28 U.S.C. § 2254. *See, e.g., Berry v. Whitten*, No. 20-CV-0668-CVE-JFJ, 2021 WL 262560, at *2 (N.D. Okla. Jan. 26, 2021) (construing a pleading styled as a request for a writ of mandamus and a writ of prohibition as a § 2254 habeas petition where "it [was] clear that [petitioner] [was] in state custody, that he [brought] th[e] action to assert a claim that he [was] in state custody in violation of federal law, and that he [sought] the remedy of immediate release").

IT IS SO ORDERED this 16th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE